UNITED STATES DISTRICT COURT
EASTERN DISRICT OF PENNSYLVANIA

FILED
SEP 12 2013
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

13    5330

PARASKEVAS PAPADOPOULOS and :
SUSAN PAPADOPOULOS :
v. :
PROCACCI BROS., CO. Ind. And t/a :
PROCACCI BROS.; PROCACCI BROS. :
SALES CORPORATION, Ind. And t/a :
GARDEN STATE FARMS, INC.; :
J. AMBROGI FOOD DISTRIBUTION, INC.:
TOM REILLY; REGIONAL PRODUCE :
COOPERATIVE CORPORATION; :
GARDEN STATE FARMS, INC. and :
GARDEN STATE FARMS, LLC and :
PHILADELPHIA WHOLESALE :
PRODUCE TERMINAL, INC., a/k/a :
PHILADELPHIA WHOLESALE PRODUCE:
MARKET : NO.

## DEFENDANTS PROCACCI BROS., CO., PROCACCI BROS. SALES CORPORATION, GARDEN STATE FARMS, INC., AND GARDEN STATE FARMS, LLC NOTICE OF REMOVAL OF CIVIL ACTION TO EASTERN DISTRICT OF PENNSYLVANIA

**AND NOW COME** Defendants, Procacci Bros., Co., Procacci Bros. Sales Corporation, Garden State Farms, Inc. and Garden State Farms, LLC, by and through undersigned counsel, Marshall Dennehey Warner Coleman and Goggin, and hereby give notice of the removal of the above captioned action to this Court pursuant to 28 U.S.C. §1446. The grounds for removal are as follows:

1. On or about August 14, 2013, Plaintiffs filed a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, Docketed at 001407, August Term, 2013. A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit "A".

2. Plaintiffs allege that Mr. Papadopoulos was injured when he was contacted by a power jack operated by another defendant. See, Complaint at, Paragraph 13.

3. The Complaint makes various allegations of negligence against all of the Defendants. See, generally, Exhibit "A".

4. Plaintiffs allege that they are individuals who reside at 15 Columbus Jobstown Road, Columbus, NJ. See Exhibit "A", Paragraph 1.

5. Plaintiffs allege that Procacci Bros. Co. has a principal place of business located at 3333 South Front Street, Philadelphia, PA.

6. Plaintiffs allege that Procacci Bros. Sales Corporation has a principal place of business located at 3333 South Front Street, Philadelphia, PA.

7. Plaintiffs allege that J. Ambrogi Food Distribution, Inc. has a principal place of business located at 3775 Brookcroft Lane, Boothwyn, PA.

8. Plaintiffs allege that Tom Reilly is an individual residing at 3775 Brookcroft Lane, Boothwyn, PA.

9. Plaintiffs allege that Regional Produce Cooperative Corporation has a principal place of business located at 6700 Essington Avenue, Suite J232, Philadelphia, PA.

10. Plaintiffs allege that Garden State Farms, Inc. has a principal place of business located at 3333 South Front Street, Philadelphia, PA.

11. Plaintiffs allege that Garden State Farms, LLC has a principal place of business located at 3655 South Lawrence Street, Philadelphia, PA.

12. Plaintiffs allege that Philadelphia Wholesale Product Terminal, Inc., has a principal place of business at 6700 Essington Avenue, Philadelphia, PA.

13. "Any civil action brought in State Court of which the District Courts of the United States have original jurisdiction, may be removed by the Defendant or the Defendants to the District Court of the United States for the district and division embracing the place where such action is pending". 28 U.S.C. §1441(a).

14. Because Philadelphia County is located in the Eastern District of Pennsylvania, removal to this Court is appropriate.

15. Under 28 U.S.C. §1332(a), this Court has diversity jurisdiction only if each Plaintiff is a citizen of a different state than each defendant. See, e.g., Norman v. C&F, Inc., No. 01-5677, 2002 U.S. Dist. LEXIS 8818 (E.D.Pa. May 15, 2002). The relevant time for determining the status of a party's citizenship for the purposes of diversity jurisdiction is the time the suit is filed. Id.

16. Citizenship of an individual arises from the intention to establish domicile. See, Krasnov v. Dynan, 465 F.2d 1298, 1300 (3rd Cir. 1972). Where one lives is prima facie evidence of domicile. Id.

17. For the purposes of these proceedings, there exists a complete diversity of citizenship between the Plaintiffs and the Defendants and the United States Court for the Eastern District of Pennsylvania has original jurisdiction pursuant to 28 U.S.C. §1332.

18. Both Plaintiffs demand judgment against all Defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00). See Exhibit "A", Count I and Exhibit "A", Count II.

19. Therefore, a reasonable reading of Plaintiffs' Complaint is that the Plaintiffs seek damages in excess of $100,000.

20. Therefore, after a reasonable reading of the Complaint, one must conclude that the value of the potential damages claimed by the Plaintiffs exceed the jurisdictional amount of

$75,000.00. See, <u>Johnson v. Cosco Wholesale,</u> No. 99-3576, 1991 WL 740690 at 3 (E.D. Pa. September 22, 1999).

21. Therefore, this case is appropriate for removal from State Court to the United States District Court, Eastern District of Pennsylvania, pursuant to 28 U.S.C §1332(a)(1) and §1441(a) as complete diversity of citizenship exists between the Plaintiffs and the Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

22. Written notice of the filing of the Notice of Removal was given to all adverse parties in accordance with 28 U.S.C. §1446(d) and is noted in the attached Certificate of Service.

23. Promptly after filing in this Court and the assignment of a Civil Action Number, a Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County, Pennsylvania, in accordance with 28 U.S.C. §1446(d).

24. Copies of all process, pleadings, and Orders served upon Defendants are attached hereto as exhibits in accordance with 28 U.S.C. §1446(a).

25. As of the filing of this Notice of Removal, the unanimity rule should be discarded because the remaining Defendants have not all yet been served. <u>Blazik v. County of Dauphin</u>, 44 F.3d 209, 213 N. 4(3d Cir. 1995).

26. To the extent some of the Defendants may have been served, and such service is unknown to movants, Defendants will seek to supplement the record to allow all parties the opportunity to consent to removal.

**WHEREFORE**, Defendants respectfully request that this Honorable Court remove this

action from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

                MARSHALL, DENNEHEY, WARNER,
                COLEMAN & GOGGIN

BY: */s/ Adam M. Sorce*
     DAVID F. WHITE, ESQ.
     ADAM M. SORCE, ESQ.
     I.D. 55738/88711
     620 Freedom Business Center, Suite 300
     King of Prussia, PA 19406
     610-354-8250
     610-354-8299 (FAX)
     dfwhite@mdwcg.com
     amsorce@mdwcg.com

     Attorneys for Defendants Procacci Bros., Co., Procacci Bros. Sales Corporation, Garden State Farms, Inc. and Garden State Farms, LLC

Date: 9/11/2013

26/2346438.v1



## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that I did cause to be mailed, via U.S. First Class Mail, a true and correct copy of the Notice of Removal, to the below listed on the date indicated:

Edward J. Zanine, Esquire
FLAGER & ASSOCIATES, PC
One Northbrook Corporate Center
1210 Northbrook Drive, Suite 280
Trevose, PA 19053

Brendan M. Howton, Esquire
William J Ferren & Associates
1500 Market Street, Suite 2920
Philadelphia, PA 19102

J. Ambrogi Food Distribution, Inc.
3775 Brookcroft Lane
Boothwyn, PA 19061

Tom Reilly
c/o J. Ambrogi Food Distribution, Inc.
3775 Brookcroft Lane
Boothwyn, PA 19061

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

s/ Adam M. Sorce
DAVID F. WHITE, ESQ.
ADAM M. SORCE, ESQ.

Date: 9/11/2013

# Exhibit "A"

| | |
|---|---|
| FLAGER & ASSOCIATES, PC<br>BY: Edward J Zanine, Esquire<br>I.D. NO. 83873<br>One Northbrook Corporate Center<br>1210 Northbrook Drive, Suite 280<br>Trevose, PA 19053<br>(215) 953-5200 | JURY TRIAL OF TWELVE (12)<br>JURORS IS DEMANDED<br>*Filed and Attested by*<br>*PROTHONOTARY*<br>*14 AUG 2013 03:50 pm*<br>*J. OSTROWSKI*<br>Attorney for Plaintiffs |

### IN THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PARASKEVAS PAPADOPOULOS and<br>SUSAN PAPADOPOULOS<br>15 Columbus Jobstown Road<br>Columbus, NJ 08022<br>　　　　　　　Plaintiffs<br>　v.<br><br>PROCACCI BROS. CO., ind. and t/a<br>PROCACCI BROS.<br>3333 S. Front Street<br>Philadelphia, PA 19148<br>　　and<br>PROCACCI BROS. SALES<br>CORPORATION, ind. and t/a GARDEN<br>STATE FARMS, INC.<br>3333 S. Front Street<br>Philadelphia, PA 19148<br>　　and<br>J. AMBROGI FOOD DISTRIBUTION, INC.<br>3775 Brookcroft Lane<br>Boothwyn, PA 19061<br>　　and<br>TOM REILLY<br>c/o J. AMBROGI FOOD DISTRIBUTION, INC.<br>3775 Brookcroft Lane<br>Boothwyn, PA 19061<br>　　and<br>REGIONAL PRODUCE COOPERATIVE<br>CORPORATION<br>6700 Essington Avenue, Suite J232<br>Philadelphia, PA 19153<br>　　and<br>GARDEN STATE FARMS, INC.<br>3333 S. Front Street<br>Philadelphia, PA 19148<br>　　and<br>GARDEN STATE FARMS, LLC.<br>3655 S. Lawrence Street<br>Philadelphia, PA 19148 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>　　　　　　　　　, 2013<br><br>NO. |

Case ID: 130801407

```
                          and                              :
       PHILADELPHIA WHOLESALE PRODUCE                      :
       TERMINAL, INC., a/k/a PHILADELPHIA                  :
       WHOLESALE PRODUCE MARKET                            :
       6700 Essington Avenue                               :
       Philadelphia, PA 19153                              :
                                   Defendants              :
```

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that, if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

PHILADELPHIA BAR ASSOCIATION<br>
Lawyer Referral and Information Service<br>
One Reading Center<br>
Philadelphia, PA 19107<br>
(215) 238-6333

## AVISO

Le han demandado a usted en la corte. Si usted guiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra desu persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

Case ID: 130801407

**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.   ESTA OFICINA PUEDE PROVEERLO CON LA INFORMACION NECESARIA PARA ALGUILAR A UN ABOGADO.**

**SI LE FALTA BASTANTE DINERO PARA ALGUILAR A UN ABOGADO, ES POSIBLE QUE ESTA OFICINA PUEDA PROVEERLO CON LA INFORMACION EN CUANTO A UNAS AGENCIAS LEGALES QUE PUEDE OFRECER UNOS SERVICIOS LEGALES A UN PRECIO REBAJADO PARA LOS QUE SON ELIGIBLES.**

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333

Case ID: 130801407

## COMPLAINT - CIVIL ACTION

1. Plaintiffs, Paraskevas Papadopoulos and Susan Papadopoulos, are adult individuals residing at 15 Columbus Jobstown Road, Columbus, New Jersey.

2. Defendant, Procacci Bros. Co., ind. and t/a Procacci Bros.(hereinafter referred to as "Procacci") is a domestic corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 3333 S. Front Street, Philadelphia, Pennsylvania.

3. Defendant, Procacci Bros. Sales Corporation, ind. and t/a Garden State Farms and/or Garden State Farms, Inc. (hereinafter referred to as "Procacci") is a domestic corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 3333 S. Front Street, Philadelphia, Pennsylvania. At all times relevant herein, Defendant was the owner of Garden State Farms and Garden State Farms, Inc., fictitious names for business entities.

4. Defendant, J. Ambrogi Food Distribution, Inc. (hereinafter referred to as "Ambrogi") is a domestic corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 3775 Brookcroft Lane, Boothwyn, Pennsylvania.

5. Defendant, Tom Reilly, is believed to be an agent, servant, workman and/or employee of Defendant, J. Ambrogi Food Distribution, Inc. (hereinafter referred to as "Reilly") with a principal place of business located at 3775 Brookcroft Lane, Boothwyn, Pennsylvania.

6.  Defendant, Regional Produce Cooperative Corporation, (hereinafter referred to as "Regional Produce") is a non-profit cooperative domestic corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 6700 Essington Avenue, Suite J232, Philadelphia, Pennsylvania.

7.  Defendant, Garden State Farms, Inc. (hereinafter referred to as "Garden State") is a non-profit cooperative domestic corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 3333 S. Front Street, Philadelphia, Pennsylvania.

8.  Defendant, Garden State Farms, LLC. (hereinafter referred to as "Garden State") is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 3655 S. Lawrence Street, Philadelphia, Pennsylvania.

9.  Defendant, Philadelphia Wholesale Produce Terminal, Inc., a/k/a Philadelphia Whole Produce Market is a domestic corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 6700 Essington Avenue, Philadelphia Pennsylvania.

10. At all times relevant, Defendant Procacci, owned, possessed, controlled, managed and/or maintained property, utilized as the produce market known as Philadelphia Wholesale Produce Market, located at 6700 Essington Avenue, Philadelphia, PA (hereinafter referred to as "premises") . Defendant Procacci was also the owner of the mechanical equipment, upon information and belief a powerjack, being used by Defendants Reilly and Ambrogi at the time of this incident.

11. At all times relevant, Defendant Ambrogi, a food distributor, was a customer of Defendant Procacci's produce market located at 6700 Essington Avenue, Philadelphia, PA and at all times relevant the employer of Defendant Reilly.

12. At all times relevant, it was the duty of the Defendants to keep and properly maintain the premise in a reasonably safe condition for Plaintiff and other customers.

13. On or about August 18, 2011, Plaintiff, Paraskevas Papadopoulos, a self-employed produce supplier and business invitee, was at the Premises to purchase produce when he was instructed by Defendant Procacci to pick up his order with equipment provided by Defendant Procacci. While in route to pick up his order, Defendant Ambrogi's representative and/or employee, Defendant Reilly, who was also purchasing produce, negligently and carelessly operated mechanical equipment provided by Defendant Procacci believed to be a powerjack, contacting Plaintiff, Paraskevas Papadopoulos, causing him to fall and suffer severe injuries which are more fully described herein.

## COUNT I

## PARASKEVAS PAPADOPOULOS V. DEFENDANTS

14. Plaintiff hereby incorporates by reference Paragraphs 1 through 13 as though same were more fully set forth at length herein.

15. The negligence and carelessness of the Defendants by and through their agents, servants, workmen and employees, consisted of, but is not limited to the following:

    (a) improper operation of the mechanical equipment;

    (b) operating the mechanical equipment with excessive speed under the

      circumstances;

  (c)    failure to keep a proper lookout;

  (d)    failure to signal or warn Plaintiff of the operation of the mechanical equipment;

  (e)    failure to give proper protection to individuals on the Premises, specifically Plaintiff;

  (f)    improper training and supervision of Defendants' employees, agents, servants and workmen;

  (g)    in being otherwise careless and negligent in fact and at law, as may be ascertained during the pendency of this case, to the extent that such negligent acts and omissions are consistent with and do not materially vary from the specifically articulated acts and/or omissions set forth above.

16. Defendants are vicariously responsible to Plaintiff for the acts and omissions of its employees, agents, workmen and/or servants.

17. As a direct result of the aforesaid negligence and carelessness of the Defendants, Plaintiff, Paraskevas Papadopoulos sustained serious and painful injuries, including but not limited to: right elbow fracture with a chipped bone, head injury, concussion, low back injury, headaches and dizziness, and damage to his bones, cells, muscles, tissues and nervous system, some or all of which may be permanent in nature.

18. As a further result, Plaintiff has been forced to expend various and diverse sums of money in an effort to treat and cure his injuries and ills and may be required to do so for an indefinite period of time into the future.

Case ID: 130801407

19. Plaintiff has suffered in the past and may suffer in the future mental anguish, emotional suffering, economic and other non-economic losses.

20. Plaintiff has suffered an interference with his usual duties, chores, life's pleasures and opportunities and may continue to suffer such interference in the future.

21. Plaintiff has suffered a severe loss of his earnings and/or impairment of his earning capacity or power, all to his great financial detriment and loss.

WHEREFORE, Plaintiff, Paraskevas Papadopoulos, demands judgment against ALL DEFENDANTS, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs of suit.

## COUNT II

### SUSAN PAPADOPOULOS V. DEFENDANTS

22. Plaintiff hereby incorporates by reference Paragraphs 1 through 21 as though same were more fully set forth at length herein.

23. As a direct result of the negligence and carelessness of Defendants, as mentioned above, and of the injuries to her husband, Plaintiff, Susan Papadopoulos, has been obliged to expend various sums of money for medical attention and care and for medicines in an attempt to cure her husband of his injuries and she will be obliged to expend additional sums of money for the same purpose in the future.

24. As a further result, Plaintiff, Susan Papadopoulus, has been deprived of her husband's assistance, comfort, companionship, services and consortium and she will continue to be so deprived for an indefinite time into the future.

WHEREFORE, Plaintiff, Susan Papadopoulus, demands judgment against ALL DEFENDANTS, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs of suit.

FLAGER & ASSOCIATES, PC

BY: _____
Edward J Zanine, Esquire
Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand a jury trial of twelve jurors.

FLAGER & ASSOCIATES, PC

BY: _____
Edward J Zanine, Esquire
Attorney for Plaintiffs

**VERIFICATION BASED UPON PERSONAL KNOWLEDGE
AND INFORMATION SUPPLIED BY COUNSEL**

I, Paraskevas Papadopoulos, verify that I am the Plaintiff in the foregoing action and that the attached Complaint is based upon the information which has been gathered by my counsel in preparation of this lawsuit. The language of the Complaint is that of counsel. I have read the Complaint, and to the extent that it is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification.

I understand that intentional false statements herein are made subject to the penalties of 18 Pa. C.S. A. §4904 relating to unsworn falsifications made to authorities.



7-8-13
DATED

Case ID: 130801407

# MARSHALL DENNEHEY
## WARNER COLEMAN & GOGGIN

ATTORNEYS-AT-LAW    WWW.MARSHALLDENNEHEY.COM

A PROFESSIONAL CORPORATION
620 Freedom Business Center, Suite 300 · King of Prussia, PA 19406
(610) 354-8250 · Fax (610) 354-8299

**PENNSYLVANIA**
Bethlehem
Doylestown
Erie
Harrisburg
King of Prussia
Philadelphia
Pittsburgh
Scranton

**NEW JERSEY**
Cherry Hill
Roseland

**DELAWARE**
Wilmington

**OHIO**
Cleveland

**FLORIDA**
Ft. Lauderdale
Jacksonville
Orlando
Tampa

**NEW YORK**
Long Island
New York City

Direct Dial: 610-354-8278
Email: amsorce@mdwcg.com

13  5330

September 12, 2013

**BY HAND DELIVERY**

Michael E. Kunz, Clerk
USDC for the Eastern District of PA
U.S. Courthouse, Room 2609
601 Market Street
Philadelphia, PA 19106

RE:   PAPADOPOULOS v. PROCACCI BROS., et al
      CCP Philadelphia August Term 2013, No. 001407
      Our File No.:

Dear Mr. Kunz:

Enclosed please find the originals and two copies of the Notice of Removal, which I ask that you file on behalf of Procacci Bros. Co., Ind. And t/a Procacci Bros., and Procacci Bros. Sales Corporation, Ind. And t/a Garden State Farms, Inc,. and Garden State Farms, LLC, with the required fee of $400.00 for filing same. Also, enclosed, is a CD of same.

Very truly yours,

/s/ Adam M Sorce /sms
Adam M. Sorce

AMS:sms

Enclosures

cc:   Edward J. Zanine, Esquire (w/ encl.)
      Brendan M. Howton, Esquire (w/ encl.)
      J. Ambrogi Food Distribution, Inc. (w/ encl.)
      Tom Reilly c/o J. Ambrogi Food Distribution, Inc. (w/ encl.)

26/2364975.v1